IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM WILSON, III, TDCJ #1142810, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-05-1640 |
| DOUG DRETKE, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER**

William Wilson, III, is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). He has filed a petition for federal habeas corpus relief under 28 U.S.C. § 2254 to challenge a state court felony conviction. Wilson has filed a motion for a default judgment. (Docket Entry No. 10). The respondent has filed a motion to dismiss for failure of the petitioner to exhaust state court remedies before seeking federal habeas corpus relief. (Docket Entry No. 13). Wilson has not filed a reply to the respondent's motion, but he has filed a request for discovery. (Docket Entry No. 15). After reviewing all of the pleadings, the state court records, and the applicable law, the Court grants the respondent's motion and dismisses this case for reasons set forth below.

**I.   BACKGROUND**

A jury in the 262nd District Court of Harris County, Texas, found Wilson guilty of

murdering his wife in cause number 895414.  The trial court sentenced Wilson to life imprisonment.  The conviction was affirmed on January 27, 2004.  *See Wilson v. State*, No. 14-02-01272-CR (Tex. App.—Houston [14th Dist.] Jan. 27, 2004, pet. ref'd).  The Texas Court of Criminal Appeals dismissed Wilson's state habeas corpus application on April 13, 2005, because he filed it while his direct appeal was still pending.  *See Ex parte Wilson*, No. 60,839-01 (Tex. Crim. App.).

Wilson's pending federal habeas corpus petition is dated May 4, 2005.  The petition raises the following general grounds for federal habeas corpus relief: (1) the trial court displayed "bias [and] prejudice" against him by ignoring a defective indictment, excluding admissible hearsay favorable to the defense, allowing hearsay in favor of the prosecution, imposing a vindictive sentence, and following the prosecutor's recommendation at sentencing; (2) the prosecutor engaged in misconduct by using "perjurious and tainted" testimony, suppressing favorable evidence, and seeking to convict rather than seeking justice; (3) he was denied effective assistance of counsel because his trial attorney failed to challenge an illegal search and seizure or to prepare adequately for trial, and because his appellate attorney filed an "ineffective brief"; and (4) there was factually insufficient evidence to support the offense charged in the "ineffective indictment."  The respondent has filed a motion to dismiss, arguing that Wilson has failed to present all of these claims to the State's highest court of criminal jurisdiction.  As discussed further below, it is evident that Wilson has not yet exhausted all of his state court remedies as required before seeking federal habeas corpus relief.

**II.     EXHAUSTION OF REMEDIES**

The federal habeas corpus statutes, codified as amended at 28 U.S.C. § 2254(b) and (c), provide that relief "shall not be granted" unless the applicant "has exhausted the remedies available in the courts of the State[.]" Thus, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). Exceptions exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. 28 U.S.C. § 2254(b). The doctrine of exhaustion reflects a policy of federal/state comity. *See Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

To exhaust his state remedies under the applicable statutory framework, a habeas petitioner must fairly present the substance of his claim to the state courts. *See Finley v. Johnson*, 243 F.3d 215, 219 (5th Cir. 2000) (citing *Picard v. Connor*, 404 U.S. 270, 275-76 (1971)); *see also Baldwin v. Reese*, 540 U.S. —, 124 S. Ct. 1347, 1351 (2004). In Texas, exhaustion may take one of two paths: (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals, or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary. *See* TEX. CODE CRIM. PROC. art. 11.07 § 3(c); *see also Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990) (discussing the paths of exhaustion in Texas).

The respondent notes that Wilson filed a petition for discretionary review with the

Court of Criminal Appeals, raising only two issues: (1) whether he had been denied due process because the trial court excluded some hearsay evidence presented by the defense, but allowed some hearsay evidence presented by the State; and (2) whether Wilson's trial counsel was ineffective for failing to preserve error for review regarding the trial court's rulings on the disputed hearsay evidence. *See Wilson v. State*, PDR No. 342-04. Although Wilson filed a state habeas corpus application under Article 11.07 of the Texas Code of Criminal Procedure, the application was dismissed for failure to comply with state procedural rules. *See Ex parte Wilson*, No. 60,839-01 (Tex. Crim. App.).

The exhaustion requirement is not met where the petitioner presents new legal theories or factual claims in his federal habeas petition. *See Finley*, 243 F.3d at 219 (citing *Anderson v. Harless*, 459 U.S. 4, 6-7 (1982)). Likewise, the exhaustion requirement is not met where a petitioner has failed to present his claims in a procedurally proper manner. *See Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999) (per curiam) (explaining that a claim is not exhausted unless the highest state court has a "fair opportunity to pass on the claim," which in turn requires that the applicant "present his claims before the state courts in a procedurally proper manner according to the rules of the state courts") (quoting *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988)).

The record shows that Wilson has successfully exhausted only one of the allegations contained in the pending federal habeas corpus application. That claim concerns the trial court's rulings on hearsay evidence, which was adjudicated by the Texas Court of Criminal Appeals when it refused his petition for discretionary review. Wilson's remaining claims

4

were dismissed by the Texas Court of Criminal Appeals on state habeas corpus review because he filed his habeas application while his direct appeal was still pending. Accordingly, Wilson did not present his remaining claims to the state courts in a procedurally proper manner. Because the remaining claims have not been presented to the state courts in a procedurally proper manner, Wilson presents, at best, a mixed petition.

The respondent observes that Wilson may still file a state habeas corpus application under Article 11.07 because his first state habeas corpus application was dismissed for a procedural reason. As Wilson does not demonstrate that he has satisfied any exception to the exhaustion doctrine, his mixed petition must be dismissed without prejudice for failure to exhaust available state remedies. *See Murphy v. Johnson*, 110 F.3d 10, 11-12 (5th Cir. 1997). The respondent's motion to dismiss is granted.

### III.     PETITIONER'S MOTIONS

Wilson has filed a motion for a default judgment, arguing that the respondent failed to file a timely answer. (Docket Entry No. 10). The record reflects that the respondent received an extension to file his answer, and that his motion to dismiss was timely filed. Wilson's motion for a default judgment is without merit.

Wilson has also filed a motion for discovery in the form of DNA testing. (Docket Entry No. 15). Because most of the claims contained in Wilson's petition are unexhausted, the Court concludes that Wilson fails to establish the requisite good cause to allow discovery in this case. *See Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir.), *cert. denied*, 531 U.S. 957 (2000). Therefore, Wilson's motion for discovery is denied.

## IV.   CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). Because the exhaustion prerequisite to federal habeas corpus review is well established, the Court concludes that jurists of reason would not debate whether the procedural ruling in this case was correct. Accordingly, a certificate of appealability will not issue in this case.

## V.   CONCLUSION

For these reasons, the Court **ORDERS** as follows:

1. The petitioner's motion for a default judgment (Docket Entry No. 10) is **DENIED**.

2. The respondent's motion to dismiss (Docket Entry No. 13) is **GRANTED**.

6

3.  The petitioner's motion for discovery (Docket Entry No. 15) is **DENIED**.

4.  The petition is **DISMISSED WITHOUT PREJUDICE** for failure of the petitioner to exhaust all available remedies on all his claims to the state's highest court of criminal jurisdiction as required by 28 U.S.C. § 2254.

5.  A certificate of appealability is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas on **November 29, 2005.**

_____
Nancy F. Atlas
United States District Judge